BIJAL V. VAKIL (CA State Bar No. 192878)
bvakil@whitecase.com
ALLEN WANG (CA State Bar No. 278953)
awang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Plaintiff
Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CREATIVE LABS, INC. and<br>CREATIVE TECHNOLOGY LTD.,<br><br>　　　　　　Defendants. | Case No.  3:16-cv-02628<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Google Inc. ("Google"), for its complaint against Defendants Creative Labs, Inc. and Creative Technology Ltd. (collectively, "Creative"), alleges:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of United States Patent No. 6,928,433 (the "'433 patent") (attached as Exhibit A) against Creative, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for other relief the Court deems just and proper.

2. Google requests this relief because Creative has filed an ITC case claiming that Google's customers infringe the '433 patent based on allegations they designed, developed, manufactured, tested, used, offered for sale, sold, and/or imported "portable electronic devices" that contain the Google Play Music application developed by Google.

3. Google also requests this relief because Creative Technology Ltd. has concurrently filed seven district court lawsuits against Google's customers asserting the same '433 patent based on matching allegations that they designed, developed, manufactured, tested, used, offered for sale, sold, and/or imported "portable electronic devices" that contain the Google Play Music application developed by Google.

4. An actual and justiciable controversy therefore exists between Google and Creative concerning the scope of the asserted '433 patent under 28 U.S.C. §§ 2201-02 as to whether the Google Play Music application is infringing or has infringed the '433 patent.

## THE PARTIES

5. Plaintiff Google is a Delaware corporation, with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google's mission is to organize the world's information and make it universally accessible and useful. As part of that mission, Google produces Android, an open-source mobile platform that has been adopted by original equipment manufacturers ("OEMs" or "customers") worldwide. Google also produces a number of services and applications for use on mobile platforms (sometimes referred to as "apps"), including the Google Play Music app.

6. Upon information and belief, Defendant Creative Technology Ltd. is a company

organized under the laws of Singapore, with a principal place of business located at 31 International Business Park, #03-01 Creative Resource, Singapore 609921.

7. Upon information and belief, Defendant Creative Labs, Inc. is a wholly-owned subsidiary of Creative Technology Ltd., incorporated under the laws of California in 1988, with a principal place of business located at 1901 McCarthy Blvd., Milpitas, CA 95035. Upon information and belief, Creative Labs, Inc.'s agent for service of process is Russell N. Swerdon, Director of Intellectual Property, located at 1901 McCarthy Blvd., Milpitas, CA 95035.

## **JURISDICTION AND VENUE**

8. Google files this complaint against Creative Technology and Creative Labs pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

9. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

10. This Court has personal jurisdiction over Creative Technology Ltd., which has maintained purposeful, continuous and systematic business contacts with California. Creative Technology Ltd. has an "extensive, broad-based, multi-tiered channel distribution network" for sales and distribution, including a wholly owned "regional business unit" in the United States located in Milpitas, California. (http://www.creative.com/corporate/about.) Creative's only other U.S. presence is also in this District in Scotts Valley, California. (http://www.creative.com/corporate/companies/#americas.) On information and belief, Creative Technology Ltd. markets its products in the United States through subsidiary Creative Labs, Inc., a California corporation in Milpitas, California. Moreover, Creative Technology Ltd. has taken specific actions in this state, and in the Northern District of California, thereby purposefully availing itself of the privileges and protections of this District, including:

- In 1988: incorporating wholly owned U.S. subsidiary Creative Labs, Inc. under the laws of California, with a principal place of business in Milpitas, California;

- In 1992: availing itself of the jurisdiction of this Court by filing a copyright suit against Media Vision, Inc., Case No. 3:1992-cv-01965, followed by filing at least 27 other suits in this District including three patent suits: (1) in 1998, against Aureal Semiconductor, Case No. 3:1998-cv-00770; (2) in 2002, against Audio MPEG, Inc., Case No. 5:2002-cv-05369; and (3) in 2006, asserting the same '433 patent at issue in this case against Apple Computer, Inc., Case No. 4:06-cv-03218;
- In 1999 and 2000: having a team of engineers in Scotts Valley, California, that worked on the Creative NOMAD Jukebox project allegedly using the methods claimed by the '433 patent, including listed inventors Ron Goodman of Santa Cruz, CA and Howard N. Egan of Capitola, CA (Exhibit B at ¶¶ 35-36);
- In 1999 and 2000: utilizing the protections of California law in a forum provision of the Creative End-User Software License Agreement for the NOMAD Jukebox (*see, e.g.*, Exhibits C and D);
- In 2004: having Creative Labs, Inc.'s in-house attorney Russell N. Swerdon (also Creative Labs, Inc.'s agent for service), based in Milpitas, California, participate in prosecution of the application that led to issuance of the '433 patent;
- In 2006: licensing the '433 patent to Apple Computer, Inc., in this District, with the potential of paying out to Apple a portion of Creative's income from further licensing activities (http://www.creative.com/corporate/pressroom/?id=12585); and
- In 2016: in the ITC complaint, identifying Apple, Inc., a California company headquartered in Cupertino, California, as allegedly establishing a domestic industry in the United States relating to the '433 patent (Exhibit B at ¶ 131).

11. This Court has personal jurisdiction over Defendant Creative Labs, Inc., whose principal place of business is located in this District. Creative Labs, Inc. is incorporated in California, has maintained continuous and systematic contacts with the State of California, and has taken specific actions in this state and in the Northern District of California, thereby purposefully availing itself of the privileges and protections of this District, including:

- In 1988: incorporating under the laws of California with a service address and principal place of business at 1901 McCarthy Blvd., Milpitas, CA 95035 (Exhibit E);
- In 1994: availing itself of the jurisdiction of this Court by filing a trademark suit against Cardinal Tech Inc., Case No. 3:1994-cv-00047, followed by filing 19 other suits in this District, including one patent suit: in 2002, against Audio MPEG, Inc., Case No. 5:2002-cv-05369;
- In 1999 and 2000: having a team of engineers in Scotts Valley, California, that worked on the Creative NOMAD Jukebox project allegedly using the methods claimed by the '433 patent, including listed inventors Ron Goodman of Santa Cruz, CA and Howard N. Egan of Capitola, CA (Exhibit B at ¶¶ 35-36);
- In 1999 and 2000: consenting to California law in a forum provision of the Creative End-User Software License Agreement for the NOMAD Jukebox (*see, e.g.*, Exhibits C and D);
- In 2004: having Creative Labs, Inc.'s in-house attorney Russell N. Swerdon (also Creative Labs, Inc.'s agent for service), based in Milpitas, California, participate in prosecution of the application that led to issuance of the '433 patent;
- In 2008: previously accepting that this District has personal jurisdiction over it in a patent suit brought by SMDK Corp., Case No. 4:10-cv-00116; and
- In 2016: in the ITC complaint, identifying Apple, Inc., a California company headquartered in Cupertino, California, as allegedly establishing a domestic industry in the United States relating to the '433 patent (Exhibit B at ¶ 131).

12. Venue in this District is proper under 28 U.S.C. §§ 1391 (b) and (c) because a substantial part of the events giving rise to Google's claim occurred in this District, and because Creative Technology Ltd. and Creative Labs, Inc. are subject to general and/or personal jurisdiction here.

**INTRADISTRICT ASSIGNMENT**

13. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Action

- 4 -

subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

14. Google has been headquartered in this District since its founding. In 2004, Google moved to its current headquarters at 1600 Amphitheatre Parkway, Mountain View, CA 94043. The majority of the Google engineers who work on the accused Google Play Music app are located at Google's headquarters in Mountain View, California. The documentation related to the accused Google Play Music app is maintained at Google's Mountain View headquarters as well.

15. On information and belief, the patent application leading to the '433 patent was filed on January 5, 2001, originally naming Ron Goodman and Howard N. Egan as inventors allegedly based on work they conducted in this District at the Creative Labs facility in Scotts Valley, California (Exhibit B at ¶¶ 35-36). Both assigned their rights in the application to Creative Technology Ltd. The '433 patent issued on August 9, 2005. Later, upon petition, the patent office issued a certificate on May 16, 2006 adding David Bristow as a third inventor. Mr. Bristow also assigned his rights in the '433 patent to Creative Technology Ltd.

16. On information and belief, Mr. Goodman is based in Santa Cruz, California; Mr. Egan is based in Capitola, California; and Mr. Bristow is based in Bainbridge Island, Washington.

17. On information and belief, in the 1999-2000 time frame, Creative engineers in Scotts Valley, California worked on an interface for navigation on portable electronic devices that was used in Creative's NOMAD Jukebox. Creative announced the anticipated release of the NOMAD Jukebox and presented prototypes at the Consumer Electronics Show in January 2000. The NOMAD Jukebox allegedly used the methods of the '433 patent (Exhibit B at ¶¶ 35-36).

## GOOGLE DOES NOT INFRINGE THE '433 PATENT

18. No version of the Google Play Music app directly or indirectly infringes any claim of the '433 patent.

19. No third party infringes any claim of the '433 patent by using the Google Play Music app in other devices. Google has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so. The Google Play Music app is not

designed for use in any combination that would infringe any claim of the '433 patent. Rather, the Google Play Music app has substantial uses that do not infringe any claim of the '433 patent.

## FIRST CLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '433 PATENT

20. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

21. Creative claims to own all rights, title, and interest in the '433 patent by assignment.

22. On March 24, 2016, Creative brought complaints against Google's customers including ZTE, Sony, Samsung, LG, Lenovo, HTC, and Blackberry at the International Trade Commission and in the Eastern District of Texas. *Certain Portable Electronic Devices and Components Thereof*, Inv. No. 337-TA-3130; *Creative Technology Ltd. v. ZTE Corp.*, Case No. 2:16-cv-00262; *Creative Technology Ltd. v. Sony Corp.*, Case No. 2:16-cv-00263; *Creative Technology Ltd. v. Samsung Elecs. Co.*, Case No. 2:16-cv-00264; *Creative Technology Ltd. v. LG Elecs., Inc.*, Case No. 2:16-cv-00265; *Creative Technology Ltd. v. Lenovo Grp. Ltd.*, Case No. 2:16-cv-00266; *Creative Technology Ltd. v. HTC Corp.*, Case No. 2:16-cv-00267; *Creative Technology Ltd. v. BlackBerry Ltd.*, Case No. 2:16-cv-00268. In these lawsuits, Creative specifically accuses, among other things, "portable electronic devices" containing the Google Play Music app.

23. An actual and justiciable controversy therefore exists between Google and Creative regarding whether the Google Play Music app infringes or has infringed the '433 patent. A judicial declaration is necessary to determine the respective rights of the parties regarding the '433 patent. Google seeks a judgment declaring that the Google Play Music app does not directly or indirectly infringe any claim of the '433 patent.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

A. Declaring that the Google Play Music app does not infringe and has not infringed the '433 patent;

B. Declaring that judgment be entered in favor of Google and against Creative on Google's claim;

C. Declaring that Creative is enjoined from claiming that the Google Play Music app infringes the '433 patent;

D. Finding that this is an exceptional case under 35 U.S.C. § 285;

E. Awarding Google its costs and attorneys' fees in connection with this action; and

F. Awarding Google such other and further relief as the Court deems just and proper.

## JURY DEMAND

Google demands a jury trial on all issues and claims so triable.

Dated: May 16, 2016

Respectfully submitted,

By: ___*/s/ Bijal V. Vakil*___
     Bijal V. Vakil

BIJAL V. VAKIL (CA State Bar No. 192878)
bvakil@whitecase.com
ALLEN WANG (CA State Bar No. 278953)
awang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Plaintiff
Google Inc.