UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CREATIVE LABS, INC., et al.,<br><br>　　　　　　Defendants. | Case No.16-cv-02628-JST<br><br>**ORDER GRANTING STAY**<br><br>Re: ECF No. 16 |

Before the Court is the Creative Labs, Inc.'s ("Creative Labs") Motion to Stay Proceedings. ECF No. 16. For the reasons set forth below, the Court grants the motion.

## I.  BACKGROUND

On March 24, 2016, Creative Technology Ltd. and Creative Labs filed a complaint under section 337 of the Tariff Act of 1930 with the U.S. International Trade Commission ("ITC") against several smartphone makers over those entities' use of Google Inc.'s ("Google") Play Music Ap (the "'433 patent"). ECF No. 16 at 3. Creative Labs did not name Google as a party, but Google moved to intervene in the ITC proceedings and that motion was granted. ECF No. 33 at 4. On August 19, 2016, an ITC Administrative Law Judge ("ALJ") issued an initial determination that Creative Labs's patent claims were invalid for lack of patentable subject matter. ECF No. 33-3.[1] The ITC notified the parties that it would not be reviewing the ALJ's determination on September 12, 2016, and terminated the investigation. ECF No. 33-4. Creative Labs has stated that it intends to appeal the ITC's unfavorable decision to the Federal Circuit.

---

[1] On respondents' motion, the ITC investigation proceeded under a special pilot program, which provides for expedited review of limited issues in section 337 cases. ECF No. 16 at 5. In Creative Labs's case, the limited issue was the validity of the '433 patent, which is distinct from, but also a predicate to, a claim of patent infringement.

ECF No. 16 at 10.

At the same time that it filed its complaint with the ITC, Creative Labs also filed patent infringement cases against the same smartphone makers in the Eastern District of Texas related to the '433 patent. ECF No. 33 at 5. The Texas cases have all been stayed pending completion of the ITC case. ECF No. 16 at 9.

On May 16, 2016, Google filed this case, seeking a declaratory judgment of non-infringement of the '433 patent. ECF No. 1. Creative Labs moved to stay the case, and also moved to dismiss under Federal Rule of Evidence 12(b)(1) and 12(b)(6).

## II.   LEGAL STANDARD

> 28 U.S.C. § 1659 contains the following mandatory stay provision:
> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, <u>at the request of a party to the civil action that is also a respondent in the proceeding before the Commission</u>, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within--(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or(2) 30 days after the district court action is filed[.]

28 U.S.C. § 1659 (emphasis added). Both parties recognize that this case is not subject to the mandatory stay provision because Creative Labs, the party seeking the stay, is the complainant, not the respondent, in the ITC proceeding.

Although the mandatory stay provision does not apply, however, "the Court also has discretionary power to stay proceedings before it." Aliphcom v. Fitbit, Inc., 154 F. Supp. 3d 933, 936–37 (N.D. Cal. 2015). There are three factors courts must consider when deciding whether to grant a discretionary stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936). The party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which

2

he prays will work damage to some one else." Landis, 299 U.S. at 255.

## III.  DISCUSSION

The Court concludes that a stay is warranted under the Landis factors.

### A.  Possible Damage to Google from Granting a Stay

Google, which is seeking only declaratory relief, will not suffer any substantial harm from a stay. That fact distinguishes this case from Prometheus Real Estate Group, Inc. v. Terminix International Co. Limited Partnership, Case No. 15-cv-02234, 2016 U.S. Dist. LEXIS 51096 (N.D. Cal. April 15, 2016), which Google cites in its response brief. There, the court refused to stay the case, noting that the plaintiff would have been "injured by delaying adjudication of its indemnification claims against Defendants because, in the event that its appeal is unsuccessful, the verdict would become immediately due and payable." Id. at *7. Google faces no similarly concrete harm that might weigh against a stay.

Google claims that granting a stay would exacerbate the damaging "litigation cloud Creative has placed over Google's Play Music app" through the ITC investigation and related federal lawsuits in Texas. ECF No. 33 at 8. But another court in this district recently and persuasively rejected a similar argument. See Aliphcom, 154 F. Supp. 3d at 938. In Aliphcom, the party seeking a stay claimed to be "motivated by the harm that comes from having the cloud of a federal court lawsuit and the desire to dispel that cloud at the earliest possible opportunity." Id. (internal quotations omitted). The court rejected that argument, noting that "[c]ourts . . . are generally unwilling to presume delay is harmful without specific supporting evidence." Id. Similarly here, Google has failed to "adequately articulate" the harm allegedly caused by the "litigation cloud" allegedly lingering over the Google Play App. This factor therefore weighs in favor of a stay.

### B.  Hardship to Creative Labs from Denying a Stay

There would also be minimal harm to Creative Labs from the denial of a stay. Creative Labs argues it will face "the certainty of redundant litigation in multiple forums if this case is not stayed." ECF No. 16 at 9. As a general matter, the "hardship related to defending a lawsuit is irrelevant when considering whether to grant a stay." FormFactor, Inc. v. Micronics Japan Co.,

3

1  No., CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (citing Lockyer, 398 F.3d at

2  1112.  Nonetheless, the "potential duplication of discovery" between the ITC investigation and

3  federal proceedings is still a "prudential" concern favoring a stay.  Id.  This factor is largely

4  neutral, but slightly weighs in favor of a stay.

### C. Judicial Efficiency

The third factor weighs most heavily in favor of a stay.  Even though section 1659's mandatory stay provision does not apply because Google is not the party seeking a stay, the policy justifications that underlie the provision remain relevant.  See In re Princo Corp., 486 F.3d 1365, 1368 (Fed. Cir. 2007) ("The purpose of § 1659(a) was to prevent infringement proceedings from occurring 'in two forums at the same time.'") (citing H.R. Rep. No. 103–826(I), at 141-42 as reprinted in 1994 U.S.C.C.A.N. 3773, at 3914).  Moreover, "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC."  Zenith Elecs. LLC v. Sony Corp., No. C 11-02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) (citing H.R. Rep. NO. 103–826(I), at 141).  Here, the litigation occurring in this court is duplicative of the litigation taking place at the ITC.

As Google points out, the ITC itself has concluded its investigation of the '433 patent, finding that Creative Labs's patent claims were invalid for lack of patentable subject matter.  ECF No. 33-3.  Google argues that this makes Creative Labs's motion for a stay moot.  Creative Labs responds that judicial efficiency concerns will persist until its appeal of the ITC's unfavorable ruling is complete.  The Court agrees with Creative Labs.  In the context of the mandatory stay provision, the Federal Circuit has held that "the purpose of avoiding duplicative proceedings cannot be achieved if the stay does not extend to proceedings on appeal."  In re Princo Corp., 486 F.3d 1365, 1368 (Fed. Cir. 2007).  There is no reason not to apply that holding when considering a discretionary stay.  The Court does not want to find itself in the position of having made a decision on the validity of the '433 patent only to have the Federal Circuit issue an inconsistent opinion on appeal.

Google also argues against a stay because the ITC's determinations have no preclusive

effect in the district court. In other words, Google claims there is no point in staying its suit for declaratory relief pending the resolution of the ITC appeal if this Court will not be bound by the ITC's or Federal Circuit's opinion in any event. As an initial matter, Google is correct that ITC determinations do not have preclusive effect in district court due to the jurisdictional limitations on the relief available in the ITC." Bio-Tech. Gen. Corp. v. Genentech, Inc., 80 F.3d 1553, 1564 (Fed. Cir. 1996). But the Federal Circuit has rejected the argument that by "denying preclusive effect to ITC determinations and to [its] decisions in appeals from ITC decisions, district courts would be free to ignore [Federal Circuit] decisions." Texas Instruments Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("District courts are not free to ignore holdings of this court that bear on cases before them."). Indeed, Google's logic would undermine the mandatory stay provision, since in those cases, too, the ITC determinations do not have preclusive effect once the stay is lifted. Clearly, Congress thought that district courts would benefit from the guidance of the ITC and Federal Circuit, even if those decisions are only persuasive.

    Finally, Google argues that its suit should take precedence over the ITC appeal because, in contrast with the smartphone makers, Google is the "true defendant." ECF No. 33 at 10. Again, Google is correct that "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." In re Nintendo of Am., Inc., 756 F.3d 1363, 1365 (Fed. Cir. 2014) (citing Spread Spectrum Screening LLC v. Eastman Kodak Co., 657 F.3d 1349, 1357 (Fed. Cir. 2011). This is known as the consumer-suit exception to the first-to-file rule. Id. The problem with Google's argument, however, is that it intervened in the ITC investigation. Both this case and this ITC investigation, therefore, are suits between Google (the manufacturer) and Creative Labs (the patent owner), over the patent's validity. The Court sees no reason why the consumer-suit exception requires prioritizing the federal case over the ITC investigation when the same issue and same parties are at stake in both.

    In sum, this factor weighs in favor of a stay.

## CONCLUSION

    Given that the first and third factors favor a stay and the second factor is largely neutral,

the Court grants Creative Labs's motion for a stay of these proceedings pending the final resolution of the ITC investigation on appeal. The parties are ordered to file a notice within five court days of final resolution of the ITC investigation, stating that resolution has occurred and requesting the setting of a case management conference.

The initial case management conference currently scheduled for December 1, 2016 is vacated.

IT IS SO ORDERED.

Dated: November 28, 2016

_____
JON S. TIGAR
United States District Judge